(159 App. Div. 398.)
### TULLY v. PARK ROW REALTY CO.
(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

MASTER AND SERVANT (§ 281*)—SUFFICIENCY OF EVIDENCE—PROXIMATE CAUSE OF INJURY.

> Evidence, in an action by an elevator operator for an injury caused by bags of paper, with which the elevator was loaded, falling against the controller handle, starting the elevator, and injuring him as he was stepping out, *held* to show that the proximate cause of the injury was, not defendant's negligence in failing to provide the elevator with a secondary switch, but the operator's own negligence in leaving the elevator without first seeing that the bags were safely stacked.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Trial Term, New York County.

Action by John Tully against the Park Row Realty Company. Verdict and judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

E. C. Sherwood, of New York City, for appellant.

D. R. Almy and William S. Evans, both of New York City, for respondent.

DOWLING, J.   Appeal from a judgment on a verdict of a jury in favor of plaintiff in the sum of $2,750 in an action based on negligence.

Plaintiff was employed as a relief elevator operator in the Park Row building, in the city of New York, on February 2, 1911, between the hours of 5:30 and 6 p. m., when, as he claims, he was ordered from the relief room on the third floor of said building, by one Lacey, in general charge of the elevators, to bring car No. 2, loaded with paper, from the third to the ground floor. The elevator was passenger elevator No. 2, and was loaded under plaintiff's instructions by an Italian helper with eight bags of paper. Five of these bags were standing upright, each being about five feet high and twice the spread of one's arms in width; three smaller, each about four feet high, were placed across the larger ones. This left the elevator so crowded that there was just room for plaintiff and the helper to stand upon the platform of the car. Plaintiff lowered the car to the main floor, when he opened the doors, which rolled back from the center, thus allowing the entire front of the car to remain unobstructed. The helper got out first, and then Tully raised the car so that its floor was elevated some three feet above the level of the hallway, when the helper took the first of the bags upon his back to carry it away. As he returned, plaintiff lowered the car back to the floor level, and the helper came into the car to get a second bag for removal. Lacey, as the plaintiff testifies, then came along and ordered plaintiff to take another car, as the rush hour was on and the tenants were complaining of the delay. Tully states that he replied that the helper was in the car, whereupon

Lacey told him to do as he was told. As Tully started to leave the car, and was stepping off with the right foot, the car suddenly started upwards, due, it is claimed, to the fact that one of the bags rolled over upon the controller handle, throwing it over and starting the car upwards. It appears that this controller handle, or lever, whereby the car is put in operation, is in front of the operator. Had plaintiff remained in his position in the car, as he was required to stay under the rules (under which no operator is allowed to leave his car while there still remains some one upon it, unless relieved by another operator), no accident could have happened. Plaintiff admits that the fact that he left the car made it possible for the bag to strike the controller handle. It is plaintiff's contention that defendant was negligent in not installing upon the car a secondary or baby switch, which is under the control of the operator, and which makes it impossible for the car to be moved unless the switch is thrown on; that is, after the secondary switch is thrown off, it is impossible for the car to be placed in motion either upwards or downwards. There was some proof that such switches were installed upon cars in buildings in the city of New York, including cars of the type used in the Park Row building, which was the Sprague Platt Long Screw elevator.

The weakness of the plaintiff's contention lies in the fact that there is no proof that the alleged negligence of the defendant in not installing such a switch as has been referred to was the cause of the accident. It does not appear that the plaintiff would have felt called upon to throw off such a switch when he left the elevator. On the contrary, it affirmatively appears that the direct and proximate cause of the accident was the act of the plaintiff in stepping from behind the controller handle out of his car, and thus leaving the controller lever within reach of the bags of paper which had been piled up under his direction within the car, without first seeing to it that the bags (after the removal of the first of them) were safely piled, and were not apt to either fall against the controller handle, or be dragged against it by the helper during their removal.

For these reasons, the findings that the defendant was guilty of negligence, and the plaintiff free from contributory negligence, are against the weight of evidence, and the judgment is therefore reversed, with costs to the appellant, and a new trial ordered, with costs to the appellant to abide the event. All concur.